**Gersh KORSINSKY, Plaintiff–Appellant,**

v.

**U.S. ENVIRONMENTAL PROTEC-TION AGENCY (EPA), N.Y.S. Department of Environmental Protection, N.Y.C. Department of Environmental Conservation, Defendants–Appellees.**

No. 05–6802–cv.

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

Gersh Korsinsky, pro se, Brooklyn, New York, for Plaintiff–Appellant.

Lawrence H. Fogelman, Assistant United States Attorney for the Southern District of New York, New York, NY; Simon Wynn, Assistant Attorney General (Michael Belohlavek, Senior Counsel, Daniel J. Chepaitis, Assistant Solicitor General, on the brief), Office of the Attorney General, New York, NY; Elizabeth S. Natrella, Senior Counsel, Appeals Division, The City of New York Law Department, New York, NY, for Defendants–Appellees.

PRESENT: Hon. BARRINGTON D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Gersh Korsinsky, *pro se,* appeals from the district court's judgment dismissing his suit for lack of subject matter jurisdiction. We assume the parties' familiarity with the factual and procedural history.

Article III, § 2 of the United States Constitution limits federal courts to deciding only cases or controversies, and, thus, at a minimum, a plaintiff seeking relief in federal court must "allege, and ultimately prove, that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief." *Baur v. Veneman,* 352 F.3d 625, 632 (2d Cir.2003). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [it is] presum[ed] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks omitted). Nonetheless, the injury must be "actual" or "imminent," rather than "conjectural" or "hypothetical." *Id.* at 560, 112 S.Ct. 2130 (internal quotation marks omitted).

Korsinsky's primary claim, that global warming and carbon dioxide emissions may cause him a future injury, is too speculative to establish standing. *See Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 330 (2d Cir.1997) ("The keystone for determining injury in fact is the requirement that it be distinct and palpable. . . .") (internal quotation marks omitted). Korsin-

sky does not explain exactly what injury may be caused by the appellees' actions, nor does he explain how the appellees' actions have increased any possible risk to his health. Moreover, Korsinsky has failed to sufficiently allege that his injury is likely to be redressed by any relief the district court could grant.

For these reasons, the judgment of the district court is hereby AFFIRMED. The mandate shall issue forthwith.